RITA W. GRUBER, Chief Judge
Pro se appellant Randolph Cooper appeals from an order granting summary judgment in favor of appellee Discover Bank (Discover) on its action to recover a balance due on a credit card account. Because we conclude that a genuine issue of material fact remains, we reverse and remand for further proceedings.
On August 22, 2016, Discover filed a complaint against Cooper seeking to recover the balance due on a credit card account. Attached to the complaint was the cardmember agreement and an affidavit of account indicating that Cooper's account was in default and had a balance due of $ 15,493.23. Two credit card statements were attached as exhibits to the affidavit-exhibit A was the last periodic statement sent by Discover and exhibit B was the current balance owed and included any activity since the last periodic statement.
Cooper was served with the summons and complaint on November 17, 2016. He filed an answer on December 13, 2016, denying the allegations and raising numerous affirmative defenses. In response to the allegation that he was a resident of Randolph County, Cooper denied the allegation and stated that he maintained a post office address in Maynard, Arkansas, but was homeless and sleeps in his vehicle.
Discover filed requests for admission, as well as interrogatories and requests for production of documents, on February 17, 2017; the certificate of service indicates that both were mailed on February 13, 2017, to the following address:
RANDOLPH C COOPERPO BOX 1 714 Cree TrlMaynard, AR 72444-0001
Discover filed a motion for summary judgment on November 9, 2017, alleging that (1) Cooper failed to respond to its requests for admission containing the allegations of the complaint; (2) the requests for admission are deemed admitted pursuant to Ark. R. Civ. P. 36 ; (3) the admissions taken together with the pleadings reveal there is no genuine issue as to any material fact; and (4) Discover is entitled to summary judgment.
Cooper filed a response to the motion for summary judgment on November 29, 2017. Cooper asserted the defense of lack of personal jurisdiction, stating that he was amending his answer to include this defense as he had reserved the right to amend his answer to assert additional defenses. He alleged that he was not a resident of Arkansas and did not own property, work, or do business in Arkansas. He denied the following: the genuineness of the cardmember agreement because it was unsigned and did not identify him as a party to the agreement and therefore did *575 not comply with Ark. R. Civ. P. 10(d) ; the correctness of the affidavit of account in support of the complaint because it did not make a full accounting of items purportedly purchased by him; and that the requests for admission were properly served on him pursuant to Ark. R. Civ. P. 5(b)(2). Cooper attached his own affidavit in support of his response. In his response, Cooper also asked the court to dismiss the action and to strike the requests for admission because they were not properly served, and therefore, Discover's motion for summary judgment did not meet the threshold requirement under Ark. R. Civ. P. 56. Cooper also requested a hearing.[1]
On November 29, 2017, shortly after Cooper filed his response, the trial court entered an order of summary judgment.[2] The order provided that the requests for admission, which Cooper did not answer and were deemed admitted pursuant to Ark. R. Civ. P. 36, contained all the allegations of the complaint; that he was indebted to Discover in the amount of $ 15,493.23; and that Discover was entitled to judgment for that amount. Cooper filed a timely notice of appeal on December 21, 2017.
Cooper lists the following four points on appeal: (1) "Does the unsigned cardmember agreement and deficient Affidavit of Account satisfy Rule 10(d) [of the Arkansas Rules of Civil Procedure], and sufficiently make a prima facie case?"; (2) "Does Randolph County Circuit court lack jurisdiction of the person in this matter?"; (3) "Does Rule 36(a) [of the Arkansas Rules of Civil Procedure] operate when the requirements for service under Rule 5(b)(2) [of the Arkansas Rules of Civil Procedure] are not met?"; and (4) "Were procedural requirements and due process met?" The question before us is whether summary judgment was proper in this case.
Our standard of review for summary-judgment cases is well established. Anderson v. Mountain Crest, LLC v. Kimbro , 2018 Ark. App. 626, at 5, 567 S.W.3d 888, 890. Summary judgment should be granted only when there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. Id. The purpose of summary judgment is not to try the issues, but to determine whether there are any issues to be tried. Id. In reviewing a grant of a summary judgment, the appellate court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party left a material question of fact unanswered. Id. We view the evidence in the light most favorable to the party against whom the motion for summary judgment was filed and resolve all doubts and inferences against the moving party. Id.
In its complaint, Discover alleged that (1) it is an FDIC insured Delaware State Bank authorized to bring the action under Ark. Code Ann. § 4-27-1401 ; (2) Cooper is a resident of Randolph County, Arkansas; (3) jurisdiction and venue are proper; (4) Cooper purchased certain items with extensions of credit obtained on his Discover Card account; (5) the amount due is $ 15,493.23, *576 which has been owed for a period of time; and (6) demand has been made and the balance remains unpaid. Discover attached an affidavit of account and the cardmember agreement to the complaint. The notarized affidavit of account was prepared by a litigation-support specialist for Discover and provides in part:
In addition, the same record-keeping systems contain information about which version of Discover Bank's terms and conditions have been communicated to an account holder and accepted by an account holder through the use of his or her Discover Card after receipt of the terms and condition. I have personally inspected the records pertaining to the account of the Cardmember(s), including the last periodic statement sent to the Cardmember(s) by DISCOVER PRODUCTS, INC., to ascertain the applicable terms and conditions, the balance due on said account and whether the Cardmembers have made payments on the balance.
The affiant provided the address that the statements were mailed to; stated that Cooper's account was in default; and attached the last periodic statement, as well as the current balance owed, which was $ 15,493.23.
In the requests for admission, Discover asked Cooper to admit that (1) he was a resident of Randolph County, Arkansas; (2) he purchased certain items and charged the same on the charge account at issue in the lawsuit; (3) the $ 15,493.23 amount due on the account had not been paid and had been owed by him for a period of time; (4) monthly billing statements/bills in regard to the account were sent to and received by him; (5) he never notified Discover of any dispute in regard to the account (balance); (6) he never notified Discover in writing of any complaints or requests to stop credit on the account; (7) he has no documentation to show that the balance for the account is less than $ 15,493.23; and (8) he is indebted to Discover in the amount of $ 15,493.23.
Discover filed a motion for summary judgment stating that the requests were not answered and were therefore deemed admitted under Ark. R. Civ. P. 36. However, Cooper argues on appeal, as he did in his response to the motion for summary judgment, that he was never served with the requests for admission, and he submitted an affidavit in support thereof.
According to the credit card statements provided by Discover, Cooper's address was "PO Box 1, Maynard, AR 72444-0001." Cooper listed this same address on his answer to the complaint. In addition, a July 26, 2016 letter from Cooper to Discover's counsel sent via certified mail lists this same address. Cooper sent another certified letter to Discover's counsel on March 13, 2017, informing counsel that his address had changed to PO Box 832, Poplar Bluff, MO 63902.
The motion for summary judgment filed November 9, 2017, was sent to the Missouri address. In his affidavit in response to the motion for summary judgment, Cooper states that he did not receive the requests for admission and first learned of them when he reviewed the circuit court's file after receiving the motion for summary judgment. Cooper's affidavit asserts that the certificate of service shows that the requests for admission were mailed to an incorrect address-"PO BOX 1 714 Cree Trl Maynard, AR 72444-0001."
In response to Cooper's arguments on appeal, Discover contends that under Ark. R. Civ. P. 5(b)(2) service by mail is presumptively complete upon mailing and that it had mailed the requests to the correct *577 address.[3] However, contrary to Discover's assertion, there is no finding by the trial court that Cooper was served with the requests for admission. Discover further argues that Cooper did not overcome the presumption of service, stating that implicit in the court's decision is a finding that the requests were properly served on Cooper. We disagree. The order merely states that the requests were "submitted" to Cooper.
Because the order was entered shortly after Cooper's response was filed, we are not convinced that the trial court had the benefit of considering this argument regarding service of the requests for admission. In any event, the court did not make a specific finding that Cooper had been served with the requests for admission that he specifically denied receiving in his affidavit. Here, the order itself indicates that the trial court signed it on November 17, 2017, twelve days before Cooper filed his response on November 29, 2017. The order was filed on November 29, 2017, shortly after Cooper's response was filed and prior to the expiration of the time allowed for Cooper to file his response or for Discover to file a reply under Ark. R. Civ. P. 56. Based on the facts before us, we hold that a question of fact remains; therefore, summary judgment was improper.
In light of our disposition reversing and remanding this case, we do not address Cooper's remaining arguments.
Reversed and remanded.
Whiteaker and Vaught, JJ., agree.

Cooper requested a hearing at the end of his response, stating "If at this juncture, the Court does not rule to dismiss ... then pursuant to Rule 78, Mr. Cooper requests a hearing of the matter to be set after the time for reply has expired." On a motion for summary judgment, Rule 56 allows for a hearing, but one is not required prior to entry of an order.

The order, a copy of which was sent to the trial court along with the motion for summary judgment, was signed and dated by the trial court on November 17, 2017, prior to receiving Cooper's response.

Discover suggests in its brief that the address listed on the certificate of service is correct because that was the address for Cooper on whitepages.com. This fact is not in the record, and we do not consider it on appeal.